PER CURIAM.
The designation coordinating committee, through the board of governors, has petitioned the Court to amend article XVII, Florida Designation Plan, of the By-laws under the Integration Rule of The Florida Bar. Under the petition, subsections 5(b), 9(c), and 10(a) of article XVII would be amended to read as follows:
[5](b) When the application is filed, the member shall pay an application fee in an amount to be established by the Board not exceeding $30= — The amount of the application feo shall not bo affeotod by the number of areas designated. $50 per area sought to be designated.
******
[9](c) A member who wishes to renew his right to designate areas of practice shall file an application for renewal with the Board at least 30 days before the permission expires. The application shall be on a form specified by the Board and shall state sufficient facts to establish that the member is eligible to renew. When the application is filed, the member shall pay a renewal fee in an amount to be established by the Board not exceeding $30= — The amount of the renewal fee shall not be-affeoted-by the number~of areas designated, $50.00 per area sought to be designated. The 30-day notice period may be waived by the Board for good cause shown.
******
[10](a) Continuing legal education courses which are designed to enhance the proficiency of a designated attorney in a particular area of practice shall qualify as approved courses hereunder. The Board shall determine the number of hours credit to be given for each such course and the designated area entitled to credit for each course. The Board may assess a fee to review and approve courses under this plan.
The amendments are requested so that the designation plan can remain financially self-sufficient.
At oral argument, the Court expressed concern about the review afforded a person seeking course approval. Anyone aggrieved by the committee’s action concerning course approval can, under section 13 of article XVII, petition the board of governors for relief. Denial of relief can be reviewed by this Court.
We find that section 13 provides adequate review, and, therefore, we approve the proposed amendments, effective upon the filing of this opinion.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.